Filed 1/6/21  P. v. Million CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C091531 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-155484) |
| v. | |
| DUSTIN MATTHEW MILLION, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dustin Matthew Million filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

In August 2017, defendant possessed a deadly weapon commonly known as a collapsible baton.  The district attorney subsequently charged defendant with possession of a deadly weapon (Pen. Code, § 22210),[1] along with two other felonies, fraudulent possession of personal identifying information of 10 or more victims (§ 530.5, subd. (c)(3)) and purchase or receipt of a stolen vehicle (§ 496d, subd. (a)).

In November 2017, defendant filed a demand under section 1381 that he be brought to trial within 90 days, declaring that he was currently sentenced and serving more than 90 days in the Wayne Brown Correctional Facility in Nevada County.

Between December 2017 and January 2018, the Placer County District Attorney made three formal requests for defendant to be produced from Nevada County to Placer County for hearings.  The first and third of the district attorney's requests were denied because defendant had not yet been sentenced for his crimes in Nevada County.  The district attorney's second request was denied because defendant was "out to court" in another county.

On April 6, 2018, after he had "finished his time" in Nevada County, defendant appeared in the Placer County Superior Court and was appointed counsel.  The trial court ordered defendant confined and set his bail at $10,000.  Six days later, the trial court granted defendant's release with a GPS monitoring system, and noted that defendant was not waiving his section 1381 demand.

Defendant later moved to dismiss the charges filed against him pursuant to section 1381.  The district attorney opposed the motion.  After hearing arguments from both sides, the trial court issued a written decision denying defendant's motion as premature and procedurally defective.  In the "court's view, by the terms of the statute, the

---

[1]     Undesignated statutory citations are to the Penal Code.

2

defendant's one and only written demand to be brought to trial under [section] 1381 was not proper and was premature." The court went on to state, "The statute requires, as a precondition to the demand for trial and obtaining relief, a conviction and sentencing. . . . The defendant could have filed a timely request under [section] 1381, upon being sentenced in either of [two other] counties while being in custody for longer than 90 days. He failed to do so. Accordingly, he is not entitled to relief."

Defendant subsequently pleaded no contest to possession of a deadly weapon in exchange for a stipulated term of 16 months in state prison. The remaining charges, as well as charges in an unrelated pending matter, were dismissed with a *Harvey*[2] waiver. The trial court immediately sentenced defendant in accordance with the terms of his plea agreement. The court also ordered defendant to pay various fines and fees and awarded him 181 days of custody credit.

Defendant appeals from the judgment, having obtained a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

DISPOSITION

The judgment is affirmed.


      KRAUSE         , J.


We concur:


     ROBIE          , Acting P. J.


     HOCH          , J.